Matter of Singh (2026 NY Slip Op 00182)

Matter of Singh

2026 NY Slip Op 00182

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

PM-07-26
[*1]In the Matter of Chander Paul Singh, an Attorney. (Attorney Registration No. 4026175.)

Calendar Date:December 15, 2025

Before:Garry, P.J., Clark, Pritzker, Ceresia and Corcoran, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 following his 2001 admission in New Jersey, where he most recently maintained a business address and is currently incarcerated. Respondent was permanently disbarred by the Supreme Court of New Jersey in 2020 upon his consent, wherein he admitted to the intentional misappropriation of client funds and flagrant misuse of his attorney escrow account (see 242 NJ 150 [2020]). Respondent's admissions stemmed from his involvement in a scheme where, among other conduct, he solicited investments from several individuals and entities for the purposes of purchasing, renovating and selling real property, but later failed to repay the investors the proceeds of the property sale or otherwise return their investments. Respondent was later convicted upon his plea of guilty to the New Jersey crime of financial facilitation of criminal activity based upon the same conduct giving rise to his disbarment (see New Jersey Code of Criminal Justice § 2C:21-25 [c]) and was sentenced to eight years of incarceration, which term of imprisonment he is currently serving. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline on respondent in New York due either to his adjudicated misconduct in New Jersey (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13) or his conviction of a serious crime (see Judiciary Law § 90 [4] [d]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c]). Despite receiving notice of AGC's motion, respondent has not responded to same.
We may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, an attorney may assert any of the three defenses as listed in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) (see Matter of Lee, 238 AD3d 1316, 1316 [3d Dept 2025]). As argued by AGC, respondent's admitted misconduct in the New Jersey disciplinary proceeding — intentional misappropriation of client funds and the flagrant misuse of his attorney escrow account — would constitute misconduct if committed in this state (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [a]). Respondent has not submitted a response to AGC's instant motion; thus, he has waived any of the aforementioned defenses to the extent that any were available to him.[FN1] Accordingly, we grant AGC's motion in this regard and consider the discipline to be imposed (see Matter of Lee, 238 AD3d at 1317; Matter of Friedman, 166 AD3d 1208, 1208 [3d Dept 2018]; Matter of Plimpton, 120 AD3d 1486, 1487 [3d Dept 2014]).
As to sanction to be imposed, AGC seeks respondent's disbarment, arguing that his misappropriation of investor funds demonstrates a pattern of misconduct that includes multiple offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c], [d]). AGC likewise cites respondent's failure to report both his conviction (see Judiciary Law § 90 [4] [[*2]c]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [a]) and his disbarment in New Jersey (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). While not necessarily an aggravating factor, AGC has also supplied information which supports the conclusion that respondent, who remains incarcerated in New Jersey, is nonetheless engaged in the practice of law in New York under the assumed names of "C. Spector Singh" and "C.P. Singh," purportedly offering discrete legal services through a website. We note that Office of Court Administration records indicate that no attorney is admitted to practice in New York under the names "C. Spector Singh" or "C.P. Singh," and likewise note that the information provided by AGC reveals that the attorney purporting to be "C. Spector Singh"/"C.P. Singh" continually refers to respondent's New York Attorney Registration number on the law firm website and in correspondence. Accordingly, AGC argues that disbarment is warranted, inasmuch as the public must be protected from respondent's apparent continued engagement in the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). As respondent has failed to submit a response to AGC's motion, he has failed to assert any factors in mitigation, and likewise demonstrates his disregard for his fate as an attorney in New York (see Matter of Courtney, 123 AD3d 1418, 1418 [3d Dept 2014]). Respondent's misconduct is serious, as he has violated one of the core obligations of an attorney — the duty to safeguard funds entrusted to him (see Matter of Galasso, 19 NY3d 688, 694 [2012]). Given the facts, as well as to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we disbar respondent effective immediately. In light of this result, it is unnecessary to address AGC's alternative request to impose discipline based upon respondent's conviction of a serious crime in New Jersey.
Garry, P.J., Clark, Pritzker, Ceresia and Corcoran, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this state; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: We note that respondent's disbarment in New Jersey occurred following his admissions that he could not successfully defend against the allegations that he knowingly misappropriated client and/or escrow funds and that he freely, voluntarily and without duress or coercion consented to his own disbarment in that state. As a result, respondent's admissions in the New Jersey disciplinary proceeding waived any process he had due, and likewise established that there was not an infirmity of proof establishing his misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]).